{¶ 41} I concur with the lead opinion on all issues in this case except for the issue of whether a hearing is required. In part, R.C.2711.03 states: "The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof." (Emphasis added.)
 {¶ 42} I believe the statutory language "shall hear the parties" mandates the court to conduct a hearing to determine the legitimacy of the arbitration clause being challenged. Moreover, this court has repeatedly held that the trial court must conduct a hearing when the validity of an arbitration clause is in dispute. Herman v. GanleyChevrolet, Inc., Cuyahoga App. Nos. 81143 and 81272, 2002-Ohio-7251;Maestle v. Best Buy Co., Cuyahoga App. No. 79827, 2002-Ohio-3769; Polingv. American Suzuki Motor Corp. and Ganley, Inc. (Sept. 13, 2001) Cuyahoga App. No. 78577; Dunn v. L M Building, Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203. See, Ritchie's Food Distributor, Inc. v. RefrigeratedConstruction Services, Inc., Pike App. No. 02CA683, 2002-Ohio-3763.
 {¶ 43} I therefore disagree with the lead opinion that "R.C. 2711.03
may not require a hearing." As this court decided in Neubauer, ante, "this matter should be reversed and remanded in order to determine the validity and enforceability of the Arbitration Rider and to develop additional facts with respect to whether the arbitration agreement is unconscionable." ¶ 27.
 {¶ 44} Given the language of the statute and the line of authority from this court, I believe the trial court should be required to conduct a hearing upon remand to permit the parties to submit facts on its claims of rescission, unconscionability, and adhesion.